UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
GHISLANE ALEXANDRE,                    )
                                       )
            Plaintiff,                 )
                                       )
                                       )    CIVIL ACTION
V.                                     )
                                       )
THE CITY OF BOSTON; STEPHEN M. RYAN    )
SERGEANT JOSEPH GALLARELLI, EDWARD     )
DAVIS AND OTHER AS YET                 )
UNNAMED OFFICERS OF THE BOSTON POLICE  )
DEPARTMENT.                            )
                                       )
            Defendants.                )
_____)

## COMPLAINT
### and Jury Demand


The Plaintiff Ghislane Alexandre, alleges as follows:

### TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................. 3

IL      THE PARTIES ................................................................................ 3

III.    JURISDICTION AND VENUE ...................................................... 4

IV.     FACTUAL ALLEGATIONS............................................................ 5

V.      DAMAGES .................................................................................... 8

VI.     CAUSES OF ACTION ................................................................... 8


        FIRST COUNT
        Violations of Equal Protection Rights – Race/Ethnicity/National Origin ............. 8

        SECOND COUNT
        Violations by Individual Defendants of Substantive Due Process Right............... 9

        THIRD COUNT
        Violation of the Fourth Amendment: Excessive Force and False Arrest................11

FOURTH COUNT
Violations of the Eighth Amendment: Malicious Force and Denial
of Medical Care.............................................................................................12

FIFTH COUNT
Punitive Damages for Deprivation of Civil Rights................................................13

SIXTH COUNT
Intentional Infliction of Emotional Distress.........................................................14

SEVENTH COUNT
Negligence: Vicarious Liability..........................................................................15

EIGHTH COUNT
Violation of Massachusetts Civil Rights Act, M.G.L. c. 12 §11I, 11J..................17

NINTH COUNT
False Arrest and Imprisonment..........................................................................18

TENTH COUNT
Battery........................................................................................................... 19

ELEVENTH COUNT
42 U.S.C. § 1983 Ghislane vs. Edward Davis
Failure to train, Supervise or Discipline ............................................................ 20

TWELFTH COUNT
42 U.S.C. § 1983
Municipal Liability: City of Boston, Acts of Policy Maker.................................. 21

THIRTEENTH COUNT
42 U.S.C. § 1983
Municipal Liability: City of Boston
Failure to Train, Supervise or Discipline.............................................................23

FOURTEENTH COUNT
State Torts Claim Act.......................................................................................25

FIFTEENTH COUNT
City of Boston: Vicarious Liability for Negligence............................................. 27

VII.    JURY TRIAL DEMAND  ......................................................................... 28

I.    INTRODUCTION

This is an action for damages brought pursuant to section one of the Ku Klux Klan Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983, seeking redress for violation, under the color of law, of rights guaranteed the plaintiff under the federal Constitution, federal law. The Plaintiff also asserts supplemental or ancillary state law claims.

II.    PARTIES

A.    <u>Plaintiff</u>

1.    Plaintiff, Ghislane Alexandre, at the time of the acts and omissions alleged herein, was an individual employed as a Boston School Bus driver and living in the Town of Randolph, Massachusetts.

B.    <u>Defendants</u>

2.    Defendant, City of Boston ("Boston") is a municipal corporation chartered and existing under the laws and constitution of the Commonwealth of Massachusetts, but is not a "state" for the purposes of immunity under the Eleventh Amendment to the Constitution of the United States. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendants Sergeant Joseph Gallarelli, Stephen M. Ryan, Chief Edward Davis at all times relevant to this complaint.

3.    Defendant Stephen M. Ryan is, and was at all times material hereto, an employee of the Boston Police Department for the City of Boston, and is, upon information and belief, a resident of eastern Massachusetts.

4.     Defendant Sergeant Joseph Gallarelli was at all times material hereto, an employee of the Boston Police Department for the City of Boston, and is upon information and belief, a resident of eastern Massachusetts.

5.     Defendant Chief Edward Davis of the Boston Police Department was at all times material hereto, an employee of the Boston Police Department for the City of Boston, and is upon information and belief, a resident of eastern Massachusetts.

6.     Defendant Unknown Named Employee(s) of the Boston Police Department for the City of Boston ("unknown Boston Police Officers") who were upon information and belief at all relevant times hereto, residents of eastern Massachusetts.

III.     JURISDICTION AND VENUE

A.     Jurisdiction

7.     The jurisdiction of this court is based on 28 U.S.C. §1331.

8.     This action arises under the Constitution of the United States, Amendment XIV, Section 1, as hereinafter more fully appears.

9.     With respect to state law claims made herein - whether common law or constitutional - jurisdiction is conferred by 28 U.S.C. § 1367(a), as added by the Judicial Improvements Act of 1990, Pub. L. 101-650, title III, Sec. 310(a), Dec. 1, 1990, 104 Stat. 5113.

B.     Venue

10.     Venue is properly laid in the District of Massachusetts under 28 U.S.C. § 1391(b), because upon information and belief, all the defendants reside in the same State and one or all of the defendants reside in the district.

IV.     FACTUAL ALLEGATIONS

11.     On or about February 7, 2008, Ms. Ghislane Alexandre was a school bus driver for the City of Boston and was on her morning run to drop children off at school.

12.     The school bus Ms. Alexandre was driving contained sixteen (16) students.

13.     Ms. Alexandre was an eleven year veteran driver, at the time, and has had an impeccable record and reputation.

14.     On or about February 7, 2008, she pulled her school bus over and stopped to allow a police cruiser with an activated siren to pass on Tremont Street at Roxbury Crossing, in Boston. While stopped, the school bus was rear-ended by another driver, causing damage.

15.     Ms. Alexandre called the school bus dispatcher and requested the notification and dispatch of police.

16.     Boston Fire Department arrived and ascertained that there were no injuries on the school bus.

17.     Police arrived and Officer Stephen M. Ryan boarded the school bus and spoke to Ms. Ghislane who remained in her seat with a seat belt on.

18.     Ryan asked Alexandre for license and registration. Ryan was directed to the overhead storage envelope for the registration that stays with the Bus. Ms. Alexandre received a call from the bus dispatcher requesting information about the health and well-being of the students, Ms. Alexandre, and the condition of the school bus.

19.     As she spoke to dispatch, Alexandre went through her purse to locate her license.

20.     Sergeant Gallarelli boarded the bus, yelled at Alexandre and menacingly barked for Ms. Alexandre to quickly produce her license and registration.

21.     As  Alexandre continued to search for her license, Gallarelli slapped the left side of Ms. Alexandre's face, and knocked the phone she cradled between her neck and shoulder to the floor. This caused Alexandre pain and resulted in an injury to her mouth and damage to her dental work.

22.     Gallarelli then yelled that he no longer wanted her license because he was placing Ms. Alexandre under arrest. As he yelled, he slapped her right hand knocking her license and purse onto the floor.

23.     Gallarelli forcefully attempted to bend Ms. Alexandre's right arm behind her back and attempted to pull Ms. Alexandre out of her seat. Because Ms. Alexandre was still shoulder strapped into her seat, Gallarelli's considerable effort and force was unsuccessful and resulted in pain and injury to Ms. Alexandre's shoulder.

24.     At this time, some of the children on the bus were crying.

25.     Still lacking composure or control, Gallarelli unbuckled Alexandre's shoulder belt and shoved her from behind towards the bus stairs. Ms. Alexandre stumbled, but managed to catch herself part way down the stairs using the hand railing.

26.     Outside the bus in view of the student that she was transporting, Gallarelli ordered Officer Ryan to hand-cuff Ms. Alexandre by placing her hands behind her back. This caused Ms. Alexandre pain and further injured her shoulder.

27.     Police booked and fingerprinted Ms. Alexandre at the District 2 Station, Roxbury, Massachusetts.

28.     The plaintiff's husband came to the station and attempted to post bail and secure Ms. Alexandre's release. Police refused.

29.     While at the police station, Ms. Alexandre complained of pain and about her injuries. She was denied first aid and any medical attention.

30.     After four (4) hours of detention at the District 2 Station, Ms. Alexandre was transported next door to the Roxbury District Court.

31.     For two (2) additional hours, Ms. Alexandre was held in lock-up, cuffed, unfed, in pain.

32.     Gallarelli stayed at the court-house until 4:30 P.M. to ensure that Ms. Alexandre was charged criminally.

33.     The Court dismissed the matter at first appearance.

34.     Upon release, Ms. Alexandre was taken directly to the hospital for an assessment of her injuries and treatment.

35.     Ms. Alexandre, a grandmother at the time, was forced to miss weeks of work while she healed and recuperated.

36.     Police subsequently prepared and submitted an incident report containing false statements.

V.     DAMAGES

37.     As a direct and proximate result of the acts and omissions of the defendants, Ghislane Alexandre has suffered severe and extreme emotional distress, including anxiety, feelings of helplessness and humiliation.

38.     As a direct and proximate result of the acts and omissions of the defendants, Alexandre has suffered injury to her mouth, shoulder and back.

VI.     CAUSES OF ACTION

<u>FIRST COUNT</u>
Alexandre <u>vs</u>. Gallarelli and Ryan
42 U.S.C. § 1983
(Fourteenth Amendment - Equal Protection: Race/Ethnicity/National Origin)

39.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "38",  supra.

40.     At all times relevant hereto, the conduct of all Defendants was subject to 42 U.S.C. § 1983, 1985, 1986 and 1988, as well as the 14th Amendment to the United States Constitution that provides:

> <u>No state shall...deny to any person within its jurisdiction</u>
> <u>the equal protection of the laws.</u>

U.S. Const., Amend. XIV, § 1 (Emphasis supplied).

41.     On February 7, 2008, it was clearly established that the "equal protection" clause of the Fourteenth Amendment protected plaintiff against discriminatory and disparate treatment based upon race, ethnicity and national origin.

42.     The individual defendants, Gallarelli and Ryan, subjected the plaintiff to discriminatory and disparate treatment, based upon her race, ethnicity or apparent national origin, and thereby deprived her of her right to equal protection of the laws under the Fourteenth Amendment.

43.     Sgt. Gallarelli and Officer Ryan singled out Ms. Alexandre as a  person of color, forcefully and without justification subdued her, caused her harm and subjected her to pain, denied Alexandre medical attention and falsely arrested her.

44.     The deprivation of her constitutional rights alleged in paragraphs 39-43, supra., caused injuries to the Plaintiff and has caused her to suffer damages.

**Request for Relief**

WHEREFORE, the plaintiff demands judgment for damages against Defendants jointly for actual, general, special, compensatory damages, and for punitive damages in the amount of $200,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

SECOND COUNT
Alexandre vs. Gallarelli and Ryan
42 U.S.C. § 1983
(14th Amendment Substantive Due Process)
Excessive Force and Denial of Medical Care

45.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "44", supra.

46.     At all times relevant hereto, the conduct of the Defendants was subject to 42 U.S.C. § 1983, 1985, 1986 and 1988, as well as the 14th Amendment to the United States Constitution that provides:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law...

U. S. Const., Amend. XIV, § 1  (Emphasis supplied).

47.     On or about February 7, 2008, it was clearly established that "due process" under the Fourteenth Amendment provides that persons will be free from the use of excessive force and acts of physical brutality against their person.

48.     On February 7, 2008, Sgt. Gallarelli and Officer Ryan acting under color of law, deprived Alexandre of her rights and privileges secured by the United States Constitution or by

Federal law as the defendants intentionally assaulted and battered the plaintiff, hitting her face and her hand, and twisting and pulling her arm and shoulder.

49.     Gallarelli and Ryan then cuffed Alexandre behind her back with her injured shoulder and falsely arrested her without probable cause.

51.     The force used by Gallarelli and Ryan was excessive and amounted to punishment.

52.     Gallarelli and Ryan's actions were so unreasonable as to shock the conscience.

53.     Furthermore, Defendants, under the color of law, denied Alexandre necessary medical care while Plaintiff was seized and held in custody by Defendants and the Boston Police.

54.     Defendants deprived Plaintiff of a right established by the Fourteenth Amendment, Due Process Clause.

55.     The deprivation of her constitutional rights alleged in paragraphs 45-53, supra., caused injuries to the Plaintiff of body and mind and has caused her to suffer damages.

### **Request for Relief**

WHEREFORE, the plaintiff demands judgment for damages against all Defendants jointly and severally, for actual, general, special, compensatory damages and punitive damages in the amount of $100,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

### THIRD COUNT
Alexandre v. Gallarelli and Ryan
(Fourth Amendment: Excessive Force and False Arrest)

56.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "54", supra.

57.     At all times relevant hereto, the Defendants were required to conform their conduct to the requirements of the Fourth Amendment as applied through the Fourteenth Amendment.

58.     Defendants Gallarelli and Ryan violated Alexandre's rights under the Fourth Amendment as they seized the Plaintiff and used unreasonable and excessive force against her.

59.     Defendants violated Alexandre's rights under the Fourth Amendment as they placed her under arrest without probable cause.

60.     Defendant's deprivation of Alexandre's constitutional rights alleged in paragraphs 56- 58, supra., caused injuries to the Plaintiff and has caused her to suffer damages.

## Request for Relief

WHEREFORE, the plaintiff demands judgment for damages against all Defendants jointly and severally, for actual, general, special, compensatory damages and punitive damages in the amount of $100,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

## FOURTH COUNT
42 U.S.C. § 1983: Alexandre v. Gallarelli and Ryan
Eighth Amendment Claims: Excessive and Malicious Force, Denial of Medical Treatment

61.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "59", supra.

62.     Defendants Gallarelli and Ryan, at all times relevant hereto, were acting "under color of law" within the meaning of section one of the Ku Klux Klan Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983.

63.     At all relevant times the Eighth Amendment to the United States Constitution prohibited the infliction of excessive and malicious force and the denial of medical treatment to incarcerated persons.

64.     On or about February 7, 2008, Gallarelli and Ryan applied force previously detailed herein, and did so in a malicious way so as to cause harm to Alexandre. The force used by Defendants was excessive and malicious, and was in violation of rights guaranteed Alexandre by the United States Constitution.

65.     On or about February 7, 2008, it was clearly established that the Fourteenth Amendment and the Eighth Amendment prohibited Gallarelli, Ryan and unnamed police officers from depriving Alexandre of access to and withholding medical treatment from Alexandre who was injured by Gallarelli and Ryan.

66.     As a result of the acts and omissions of the defendants, under color of law, as alleged herein, and as a result of  deliberate indifference to the known medical needs of the plaintiff Alexandre, Gallarelli and Ryan deprived Alexandre of her right to be free from punishment without due process of law and her right to adequate medical care as a pretrial detainee / arrestee under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and the Eighth Amendment.

67.     The deprivation of constitutional rights alleged in paragraphs 61-65, supra., caused Plaintiff to suffer physical injury with concomitant pain and suffering, and emotional distress with persistent psychological symptoms. The acts and omissions by Gallarelly and Ryan constituted "cruel and unusual punishment" within the meaning of the Eighth Amendment.

**Prayer for Relief**

WHEREFORE, the plaintiff Alexandre demands judgment, and for the following relief:

            (a)     compensatory damages, in a sum sufficient to make whole the plaintiff;

            (b)     attorneys fees, pursuant to 42 U.S.C. § 1988;

            (c)     taxable costs, including expert witness fees;

            (d)     pre-judgment and post-judgment interest.

### FIFTH COUNT
Punitive Damages for Deprivation of Federal Civil Rights
42 U.S.C. § 1983: Alexandre <u>vs</u>. Gallarelli and Ryan

68.    Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "66", supra.

69.    The defendants, Gallarelli and Ryan, in engaging in the conduct alleged herein and in their deliberate indifference to the medical needs of Alexandre, did so with the subjective purpose of depriving plaintiff Alexandre of the specific civil rights alleged herein, or acted willfully and recklessly, actually knowing or having reason to know, that their action or inaction was likely to result in depriving Alexandre of said civil rights.

**Prayer for Relief**

WHEREFORE, the plaintiff Alexandre demands judgment, and for the following relief:

            (a)     An award of punitive damages against the defendants, Gallarelli and Ryan, to punish for their intentional and/or willful deprivation of Alexandre's civil rights and     to deter them from such unlawful conduct in the future;

            (b)     an award of pre-judgment and post-judgment interest on such punitive damages award.

SIXTH COUNT
Alexandre v. Gallarelli
(Intentional Infliction of Emotional Distress)

70.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "68", supra.

71.     Defendant, Gallarelli, by his conduct toward Alexandre, demonstrated a reckless disregard towards her of the probability of causing emotional distress, for whom he was responsible in his position as a police officer for the City of Brockton.

72.     The defendant's acts and omissions including  hitting her in the face and hand, twisting and pulling her arm, arresting her without probable cause, falsely imprisoning her and again denying Alexandre medical assistance at the Police Station, constituted extreme and outrageous conduct.

73.     Gallarelli's conduct was beyound all possible bounds of decency and utterly intolerable in a civilized community.

74.     The actions of Gallarlli were the cause of Alexandre's distress and the distress sustained by her was severe and of a nature that no reasonable woman could be expected to endure.

75.     As the actual and proximate cause of said misconduct, plaintiff suffered at the time and continues to suffer severe emotional distress, including fear, humiliation and anxiety.

**Request for Relief**

WHEREFORE, the plaintiff demands judgment for damages against Defendants, for actual, general, special, compensatory damages and punitive damages in the amount of $100,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

<u>SEVENTH COUNT</u>
<u>NEGLIGENCE</u>
(Mass. Gen. Laws. ch. 258: Vicarious Liability for Negligence)

76.     Plaintiff,  incorporates by reference herein the averments set forth in paragraphs "1" through "74," supra.

77.     The individual Defendants alleged herein owed the Plaintiff, a duty to act reasonably in investigating, questioning, apprehending, arresting and detaining her while she was in their trust and custody.

78.     The individual defendants negligently breached the duty of care owed the Plaintiff, by:

(a) Hitting her in the face and hand;

(b) Twisting and pulling her arm, injuring her shoulder;

(c) Pushing her onto the steps;

(d) arresting her without probable cause;

(e) hand-cuffing her behind her back after injuring her shoulder;

(f) denying her medical care.

79.     The individual defendants, in negligently breaching the duties alleged herein, by acts as alleged in paragraph 77, were acting as the agents and employees of the City of Boston in furtherance of the business of their employer and within the scope of their employment.

80.     Plaintiff has complied with all necessary notice and presentment requirements by timely making demand on the appropriate authority under Mass. Gen. Laws chapter 258, the defendant municipality has failed to make a reasonable settlement offer with respect to such demand, and the necessary interval under the statute between the required demand and the commencement of suit has passed.

81.     As a result of the negligent acts and omissions of the defendant, City of Boston, its agents and servants, the Plaintiff has suffered damages, including severe emotional distress, mental anguish, depression and anxiety, including a profound distrust and fear of law enforcement, and was caused to suffer other damages that will be proved at trial.

**Request for Relief**

WHEREFORE, the plaintiff demands judgment for damages, with prejudgment interest and their costs, and for any other relief this Honorable Court deems appropriate.

EIGHTH COUNT
Alexandre vs. Gallarelli
(MGL c. 12 § 11H & 11I Excessive Force; Lack of Probable Cause to Arrest)

82.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "80", supra.

83.     At all times relevant herein, the conduct of all Defendants were subject to the Massachusetts Civil Rights Act, MGL c. 12 § 11H & 11I.

84.     Defendant Gallarelli interfered or attempted to interfere with Plaintiff's exercise and enjoyment of his rights secured by the state and federal constitution or laws of the United States and/or the Commonwealth of Massachusetts – Alexandre's:

(a)     right to be free from unreasonable search and seizure;

(b)     right to be free from arrest in the absence of probable cause to believe a crime has been committed;

(c)     right to be free from punishment without the due process of law;

(d)     right to receive necessary medical treatment while in the custody of the police;

(e)       right to be free from malicious and sadistic physical abuse.

85.       Defendant Gallarelli deprived Alexandre of secured rights by threats, intimidation and coercion, indeed extreme and excessive physical force.

86.       As a direct and proximate result of the conduct of the Defendants, Alexandre was intimidated, humiliated and physically injured by the actions of Gallarelli and suffered damages of body and mind.

### Request for Relief

WHEREFORE, the Plaintiff demands judgment for damages against Defendants for actual, general, special, compensatory damages, and for punitive damages in the amount of $100,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

### ELEVENTH COUNT

42 U.S.C. § 1983
Alexandre vs. Chief Edward Davis
Failure to Train, Supervise or Discipline

97.       Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "95", supra.

98.       The Defendant, Davis, is here sued in his individual capacity. He was at all relevant times Gallarelli's supervisor responsible for the training, supervision and control of his subordinate.

99.     At all times relevant hereto, the Defendants were required to conform their conduct to the requirements of the Fourth, Eighth, and Fourteenth Amendments to the Constitution.

100.    Defendants Davis and Gallarelli and Ryan, at all times relevant hereto, were acting "under color of law" within the meaning of section one of the Ku Klux Klan Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983.

101.    Defendants Gallarelli and Ryan violated Alexandre's rights under the Fourth Amendment as he seized the plaintiff by using unreasonable and excessive force. Gallarelli violated Alexandre's's Eighth and Fourteenth Amendment rights when discriminated against her, abused her, and denied her necessary medical care.

102.    Defendant Davis as his supervisor knew or should have known of the substantial risk Gallarelli and Ryan posed for perpetrating a constitutional injury or civil rights violation against Alexandre or other members of the public, given their reputation and prior complaints of violative conduct, and personnel issues of control and conduct.

103.    Davis has individual liability and is personally responsible for the constitutional violation of Gallarelli and Ryan, because of his inaction to properly train, supervise, discipline and otherwise control them as his subordinate.

104.    Davis's inaction with respect to Gallarelli and Ryan's prior reputation and conduct, including failing to investigate,  and failure to properly train, supervise or discipline them, placed them in a position that a reasonable person would have known posed substantial risk of violating the constitutional rights of members of the community.

105.    The inaction by Defendant Davis was causally linked to Gallarelli and Ryan's constitutional violations, and as a result, Alexandre suffered harm and damages including but not limited to the aforesaid damages.

**Prayer for Relief**

WHEREFORE, the Plaintiff demands judgment for damages against Defendants for actual, general, special, compensatory damages, and for punitive damages in the amount of $100,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

TWELFTH COUNT
42 U.S.C. §1983
Municipal Liability - Chief Davis

106.    Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "104", supra.

107.    At all times relevant hereto, the conduct of all Defendants was subject to 42 U.S.C. § 1983, 1985, 1986 and 1988, as well as the 14th Amendment to the United States Constitution.

108.    The Defendant, Chief Edward Davis was at all times relevant hereto responsible for the administration of the Boston Police Department, including training, supervision and disciplinary decisions with respect to his police officers.

109.    Defendant Davis was a policymaking official for the Boston Police Department and as Chief of Police had the authority discipline subordinate officers including discharge from employment.

110.    As Chief of Police, Davis was responsible for the general supervision and monitoring of his officers and for the administration of training and discipline.

111.    Davis knew or should have known that Gallarelli and/or Ryan posed a substantial risk to the community, and failed to train, supervise or discipline them.

112.    Davis knew or should have known of their prior misconduct and failed to discharge or otherwise discipline them.

113.    Davis was in this capacity a policy maker, and his acts and omission were made within the scope of his duty and authority.

114.    Gallarelli and Ryan's civil rights violations, alleged herein, resulted from Davis's acts which represented official policy; that is the policy of the municipality, City of Boston.

115.    As a direct and proximate result of the conduct of the Defendants, Alexandre was intimidated, humiliated and physically injured and suffered injuries of body and mind.

## **Request for Relief**

WHEREFORE, the Plaintiff demands judgment for damages against Defendants for actual, general, special, compensatory damages, with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

VII.                            JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury on all claims subject to trial by jury pursuant to the right preserved by the Seventh Amendment to the Constitution of the United States.

Respectfully submitted,
Alexandre Ghislane
By her attorney,

__/s/ John McK. Pavlos_____
John McK. Pavlos, BBO #641113
PAVLOS VITALI & SCULLY
The Kennedy Building
142 Main Street, 4th Floor
Brockton, MA 02301
Tel: (508) 894-0050
Fax: (508) 894-0051
email: pavlosandvitali@aol.com