UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:11-cv-10203-RGS

GHISLANE ALEXANDRE
         Plaintiff.
v.

THE CITY OF BOSTON, SERGEANT
JOSEPH GALLARELLI, OFFICER
STEPHEN W. RYAN, CHIEF OF POLICE
EDWARD DAVIS AND OTHER AS YET
UNNAMED OFFICERS OF THE
BOSTON POLICE DEPARTMENT
         Defendants.

**DEFENDANT, STEPHEN RYAN'S MEMORANDUM IN SUPPORT OF HIS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

Defendant, Stephen Ryan,[1] ("Defendant" or "Ryan") by and through undersigned counsel, hereby respectfully moves for a partial dismissal of certain claims brought by Plaintiff, Ghislane Alexandre ("Plaintiff") against him pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, Ryan seeks dismissal of the following claims for failure to state a claim for which relief can be granted: Count I, 14th Amendment Equal Protection Violation; Count II, 14th Amendment Substantive Due Process Violation for Excessive Force and Denial of Medical Care; Count III, Excessive Force; Count IV, Eighth Amendment Violation for Excessive and Malicious Force

---

[1]     Joseph Gallarelli, the City of Boston, and Commissioner Edward Davis move for dismissal of certain claims of the Plaintiff pursuant to Fed. R. Civ. P. 12(b)(6) in separate motions and accompanying memoranda.

and Denial of Medical Treatment; <u>Count V</u>, Punitive Damages; and <u>Count VII</u>, Mass. Gen. Laws c. 258.

## **FACTUAL AND PROCEDURAL BACKGROUND**[2]

On the morning of February 7, 2008, Plaintiff, a school bus driver for the City of Boston, was operating a school bus on Tremont Street in Boston. <u>See</u> First Amended Complaint at ¶ 11 (hereinafter, "Compl. at ¶ ___"). While on Tremont Street at Roxbury Crossing, Plaintiff pulled her school bus to the side of the road to allow a police cruiser with its emergency equipment activated to pass. Compl. at ¶ 14. While still pulled to the side of the road, Plaintiff's school bus was rear-ended by another vehicle. <u>Id.</u>

Ryan, a Boston police officer, responded to the accident and boarded the school bus to speak to the Plaintiff. Compl. at ¶ 17. Ryan asked Plaintiff for her license and registration. <u>Id.</u> at ¶ 18. As Plaintiff was searching in her purse for her license, Boston Police Sgt. Joseph Gallarelli, boarded the school bus, yelled at the Plaintiff to produce her license and registration immediately, and then slapped her in the face. <u>Id.</u> at ¶¶ 19-21.

Sgt. Gallarelli then informed Plaintiff that she was under arrest and slapped her right hand. Compl. at ¶ 22. While Plaintiff was still strapped into her seat with a seat belt, Sgt. Gallarelli bent her right arm behind her back.. <u>Id.</u> at ¶ 23. Sgt. Gallarelli then unbuckled Plaintiff and moved her towards the stairs of the bus. <u>Id.</u> at ¶ 25. Once outside of the school bus, Sgt. Gallerelli ordered Officer Ryan to hand cuff the Plaintiff. Ryan, complied with his Sergeant's order by handcuffing the Plaintiff with her arms behind her back. Compl. at ¶ 26.

---

[2]   The Defendants dispute the following facts, however, for the limited purposes of this motion, the Defendants accept these facts as being true.

Plaintiff was transported to the Boston Police Department District 2 Station in Roxbury. Compl. at ¶ 27. While at the station, Plaintiff complained that she was in pain, but was denied medical attention. Id. at ¶ 29. Plaintiff was detained for six hours and all charges were dismissed at her first appearance at Roxbury District Court. Id. at ¶¶ 30-33.

Plaintiff filed the instant action on February 7, 2011 against the City of Boston, Sgt. Joseph Gallarelli, Ofc. Stephen Ryan and the Commissioner of the Boston Police Department, Edward Davis. In Plaintiff's Fifteen Count First Amended Complaint (" Amended Complaint"), she makes various claims against the parties for negligence and for violations of her civil rights arising out of the arrest on February 7, 2008.

## STANDARD OF LAW

A complaint or count therein must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). However, this tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545 (citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (internal citation omitted). "Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

Within this analytical framework, several of Plaintiff's claims against Ryan fail to plead sufficient facts for an actionable claim.

## ARGUMENT

### I. Plaintiff Failed To State A Claim For Violation of His Right To Equal Protection Under the Fourteenth Amendment.

Plaintiff's Equal Protection claim must be dismissed because she has failed to set forth any facts to show that Ryan treated her any differently from others similarly situated.

An individual plaintiff may assert an equal protection claim if "the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). See Wojik v. Massachusetts State Lottery Com'n, 300 F.3d 92, 104 (1st Cir. 2002). Here, the Plaintiff's Amended Complaint is devoid of any facts to indicate that she was treated differently from similarly situated individuals. As such, Count I must be dismissed.

## II. Plaintiff Failed to Allege Sufficient Facts to Properly Plead Excessive Force In Counts II and III of Her Amended Complaint.

The Plaintiff's excessive force claims in Counts II and III[3] of her Amended Complaint fare no better and must also be dismissed. To determine whether a police officer has used excessive force, a court must examine the question whether the officer's actions are objectively unreasonable in light of the circumstances and facts known to the officer at the time and without regard to the officer's underlying intent or motivation. See Graham v. Connor, 490 U.S. 386, 397 (1989) (quotations and citations omitted); Isom v. Town of Warren, 360 F.3d 7, 10-11 (1st Cir. 2004). Determinations of reasonableness "must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving – about the amount of force that is necessary in a particular situation." Graham 490 U.S. at 396-97.  As the Court noted in Calvi v. Knox County, 470 F.3d 422, 428 (1st Cir. 2006), "[p]olice work is often carried out in fast-moving and poorly defined situations, so it is especially unfair to judge an officer's actions in hindsight."

Even with all reasonable inferences in her favor, Plaintiff fails to state an actionable claim for excessive force in violation of her Fourteenth and Fourth Amendment rights. The Plaintiff's excessive force claim against Ryan is presumably based on the following facts alleged in the Amended Complaint: Ryan hand-cuffed Plaintiff behind her back. See Compl. at ¶ 26. These facts fall short of stating an actionable claim for excessive force in violation of the Fourth and Fourteenth Amendments.  There is nothing within Plaintiff's version of events that remotely suggests that Ryan used excessive force while arresting her. Moreover, it is "[s]tandard police practice" to "cuff an arrestee's hands behind her back." Calvi, 470 F.3d at 428.

---

[3] Plaintiff includes both a claim for excessive force and false arrest in Count III of her Amended Complaint. This Motion only addresses the excessive force claim.

5

Considering the alleged facts in the light most favorable to the Plaintiff, the Plaintiff has failed to state an actionable claim for excessive force in violation of her Fourth and Fourteenth Amendment rights. Accordingly, the Plaintiff's excessive force claims in Counts II and III of her Amended Complaint must be dismissed.

**III.    Plaintiff Failed to Allege Sufficient Facts to Properly Plead Denial of Medical Care in Counts II and IV of Her Amended Complaint.**

Counts II and IV of her Amended Complaint lack sufficient facts to demonstrate that the Plaintiff is entitled to relief under the Eighth and Fourteenth Amendments.

The Fourteenth Amendment Due Process Clause, rather than the Cruel and Unusual Punishment Clause of Eighth Amendment, governs allegations of physical abuse of temporary detainees not yet convicted of a crime. Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002).    However, the protection afforded to temporary detainees under the Fourteenth Amendment is equal to the protection afforded to convicted inmates under the Eighth Amendment. Id.  Additionally, the Due Process Clause calls for medical care to be provided to pre-trial detainees that are injured during the course of the arrest. Gaudreault v. Mun. of Salem, 923 F.2d 203, 208 (1st Cir. 1990). A pre-trial detainee's constitutional rights are violated if there are "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). "[A] prison official subjectively 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Burrell, 307 F.3d at 8 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Plaintiff's claims in Counts II and IV of her Amended Complaint are entirely devoid of any facts alleging that Ryan deliberately denied her medical care. While a pre-trial detainee, Plaintiff claims that she complained of experiencing pain and she was denied medical treatment.

6

See Compl. at ¶ 29. However, Plaintiff failed to allege to whom she actually made the complaints and who denied her medical care. What's more, there are no facts to suggest that Ryan was aware that Plaintiff had been injured, that she was seeking medical treatment while at the station, or that he was even present at the station at the time she made her complaints.

Additionally, given that Plaintiff was never convicted of a crime, the Eighth Amendment does not create a remedy for her as a temporary detainee. See Compl. at ¶ 33. As such, Count IV of her Amended Complaint must be dismissed outright. Therefore, Counts II and IV of Plaintiff's Amended Complaint must be dismissed.

### IV. Count V of Plaintiff's Amended Complaint Must Be Dismissed Because A Claim For Punitive Damages Is Not A Cause of Action.

Count V of Plaintiff's Amended Complaint is a claim for punitive damages. This Count must be dismissed because punitive damages, standing alone, is not a cause of action, rather it is a remedy afforded civil rights litigants in instances of extreme and outrageous conduct. See South Port Marine, LLC v. Gulf Oil Ltd. Partnership, 234 F.3d 58, 64 (1st Cir. 2000) (affirming trial court's dismissal of plaintiff's count entitled punitive damages).

### V. Count VII Fails Because M.G.L. c. 258 Claims Cannot Be Asserted Against Individuals.

Count VII of Plaintiff's Amended Complaint fails as a matter of law because M.G.L. c. 258 provides for a cause of action against a public employer where its employee acts negligently within the scope of his or her employment. The Massachusetts Tort Claims Act provides that the public employee shall not be held personally liable for his or her negligent acts while acting within the scope of employment. Martinez v. Wolferseder, 997 F.Supp. 192, 195 (D.Mass. 1998) (citing M.G.L. c. 258, § 2; and Taplin v. Town of Chatham, 390 Mass. 1, 2 (1983)). Ryan cannot be held personally liable for his alleged negligent actions because he was acting within the scope

of his employment as a Boston police officer. See Compl. at ¶ 79. Accordingly, dismissal of Count VII is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant Stephen Ryan respectfully requests that this Honorable Court dismiss Counts I, II, III, IV, V, and VII for failure to state a claim upon which relief may be granted.

Respectfully submitted,
DEFENDANT, STEPHEN RYAN

William F. Sinnott, Corporation Counsel

By his attorneys:

/s/ Michelle K. Hinkley
Michelle K. Hinkley, BBO # 675609
Lisa S. Maki, BBO # 675344
Assistants Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238 (Hinkley)
(617) 635-4022 (Maki)
Michelle.Hinkley@cityofboston.gov
Lisa.Maki@cityofboston.gov

## CERTIFICATE OF SERVICE

I, Michelle K. Hinkley, hereby certify that on this date I served a copy of the foregoing document via electronic filing (EFC) on all counsel of record.

Date:  9/19/2011        /s/ Michelle K. Hinkley
                        Michelle K. Hinkley

## **LOCAL RULE 7.1 CERTIFICATION**

      I hereby certify that on September 19, 2011, I conferred with the Plaintiff pursuant to Local Rule 7.1 in a good faith effort to resolve or narrow the issues presented in this motion. Despite this conference, the filing of the attached motion is necessary to resolve the issues stated therein.

                                            /s/  Michelle K. Hinkley
                                            Michelle K. Hinkley